IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| STEPHEN PEDERSEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-528-N-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Respondent. | ) | |

## Introduction

Currently pending before the Court for its consideration is Petitioner Stephen Pedersen's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed December 17, 2007. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record (AR) and for the reasons that follow, will affirm the decision of the Commissioner.

## I.
## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits on March 10, 2006, alleging disability due to a low back impairment. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

**Memorandum Decision and Order - Page 1**

Administrative Law Judge (ALJ) Richard A. Say held a hearing on May 15, 2007, taking testimony from Petitioner and vocational expert K. Diane Kramer.  (AR 274-301.)  ALJ Say issued a decision finding Petitioner not disabled on September 20, 2007. (AR 12-21.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 4-6.)  Petitioner appealed this final decision to this Court.  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 53 years old.  He has a high school education and his past relevant work includes construction equipment mechanic.

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined whether the claimant is engaged in substantially gainful activity.  The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date.  At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found Petitioner had the following severe impairment: degenerative disk disease of the lumbar region of spine status post lumbar decompression and fusion surgeries.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Petitioner's impairment did not meet or medically equal one of the listed impairments.  If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Petitioner was not able to perform his past relevant work as a

construction equipment mechanic.  If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.  The ALJ found that Petitioner had the residual functional capacity to perform a restricted range of light work.  He found that Petitioner would be able to perform work that would allow him to stand after approximately an hour of sitting and to move around after standing for approximately 1/2 hour with normal breaks and would not involve lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; any climbing of ladders, ropes or scaffolds; concentrated exposure to vibration or more than occasional stooping, crouching, kneeling, balancing, or climbing of ramps or stairs.  The claimant would be affected by mild to moderate pain to the extent that it was noticeable to him and would require use of medicine, but would be able to remain attentive and function.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national

economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v.*

**Memorandum Decision and Order - Page 4**

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**IV.**
**Discussion**

**A.    Petitioner's Credibility**

Petitioner argues that the ALJ failed to meet his burden of providing clear and convincing reasons for rejecting his testimony. Petitioner contends that the ALJ's statements that his treatment history is inconsistent with disability are not supported by the record. Petitioner submits that his lack of taking prescription medicine is understandable in view of his prior treatment for chemical dependency. He also asserts that he has been consistent in describing a very limited lifestyle with minimal activities of daily living. Lastly, Petitioner points to the medical notes of Dr. Larson which indicate that it was expected that his back symptoms would persist, despite the fourth surgery.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id*. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony.) The reasons an ALJ gives for rejecting

a claimant's testimony must be supported by substantial evidence in the record.  *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including consideration of claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, as well as claimant's daily activities, claimant's work record and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  Also, the ALJ may consider: location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms.  *See* Soc. Sec. Ruling 96-7p.

In his decision, the ALJ noted that Petitioner's treatment history was inconsistent with disability and the record failed to show that Petitioner sought or required significant forms of treatment since his fourth back surgery in November 2005, not even office care or routine maintenance.  The ALJ also observed that the Petitioner had not taken narcotic pain medication since mid-2006 and was never prescribed muscle relaxants or prescription non-steroid anti-inflammatories.  Additionally, the ALJ found that Petitioner's active lifestyle was inconsistent with his allegations of debilitating back pain.  The ALJ noted that this active lifestyle included washing dishes, doing laundry, driving, shopping, attending computer classes, reading, watching movies, visiting elderly friends and helping them plant flowers.  Petitioner even admitted that his impairments had not affected his ability to care for his personal needs.  Lastly, the ALJ reviewed the objective medical evidence and found it inconsistent with Petitioner's allegations of

disability.

The ALJ gave specific reasons for rejecting portions of Petitioner's testimony. These reasons are supported by substantial evidence in the record. He noted inconsistencies between Petitioner's allegations of disability and the treatment measures taken by him to alleviate those symptoms, including medications. The ALJ also noted that Petitioner's daily activities were not consistent with and did not support the severity of limitations he claimed. As stated above, it is the ALJ's job to determine credibility. *See Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). The Court finds that there is substantial evidence in the record to support the ALJ's finding that Petitioner is not fully credible.

## B.      Petitioner's Mental Impairments

Petitioner argues that the evidence is clear that his depression is a severe impairment and the ALJ's finding to the contrary is in error.

A severe impairment is defined as a significant limitation on the physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. Basic work activities are defined as the abilities necessary to do most jobs, such as (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id*. Petitioner bears the burden of proving his mental impairment is severe. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). The Ninth Circuit has found

that an impairment may be found "not severe *only if* the evidence establishes a slight

abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v.*

*Barnhart*, 733 F.3d 683, 686-87 (9th Cir. 2005) quoting *Smolen v. Chater*, 80 F.3d 1273, 1290

(9th Cir. 1996).

The ALJ evaluated the evidence surrounding Petitioner's mental impairment of

depression.  He discussed Dr. Gardner's findings regarding Petitioner's ability to do work-

related activities as well as Petitioner's testimony at the hearing in which the only discussion of

depression symptoms was that he felt "pretty useless."  (AR 281.)  The ALJ concluded that

Petitioner's mental impairment does not cause more than minimal limitation in his ability to

perform basic work-related activities.  The ALJ considered the four functional areas set forth in

the regulations.  *See* 20 C.F.R. § 404.1521a(d)(1).  He found that there were either no limitations

or mild limitations in these areas and in accordance with the regulations, concluded Petitioner's

mental impairment was not severe.  The ALJ did not err in this determination.

**C.    Petitioner's Residual Functional Capacity and Hypothetical Question Posed to Vocational Expert**

Petitioner contends that the ALJ failed to provide any limitations with respect to his

mental impairments in the hypothetical posed to the vocational expert.  Respondent counters that

the ALJ's Residual Functional Capacity (RFC) finding and vocational hypothetical question

properly accounted for all of Petitioner's limitations that the ALJ found credible and supported

by the medical evidence.

A claimant's residual functional capacity is the most he can do despite his limitations.  20

C.F.R. § 404.1545(a).  An ALJ considers all relevant evidence in the record when making this

determination.  *Id*.  It is "proper for an ALJ to limit a hypothetical to those impairments that are

supported by substantial evidence in the record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Unsupported limitations may be excluded. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). In *Osenbrock*, the Ninth Circuit found that the omission of a mental impairment from the hypothetical question was supported by substantial evidence in the record because the Petitioner's depression was found to be a mild impairment, which had no significant interference with his ability to perform most recent work-related activities. *Osenbrock*, 240 F.3d at 1165.

In this case, the ALJ included the limitations supported by substantial evidence in the record in making his RFC determination and posing his hypothetical question to the vocational expert. Similar to *Osenbrock*, Petitioner's mental impairment was found to have either no limitation or mild limitations on his ability to perform basic work-related activities. The ALJ considered the record as a whole, incorporating his decision that Petitioner was not fully credible, included all limitations supported by substantial evidence and accordingly, his hypothetical and RFC determination were proper.

## <u>ORDER</u>

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.

DATED: January 28, 2009

_____

Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order - Page 9**